UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANNIE ESPINO,

    Plaintiff,

v.                                                      Case No:  6:14-cv-1185-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 27) and Defendant's Opposition to Plaintiff's Motion for Attorney Fees (Doc. 28). For the reasons that follow, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

On August 24, 2015, the Court entered an order reversing the Commissioner's final decision and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 23). The Clerk entered judgment the following day (Doc. 24). Plaintiff now requests an award of attorney fees in the amount of $7,363.33, payable to her attorney, and an award of expenses in the amount of $37.64 pursuant to the EAJA, 28 U.S.C. § 2412(d).

Under the EAJA, a party is eligible for an award of attorney's fees where: (1) the party is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party filed a timely application for attorney's fees; (4) the party had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would

make the award of fees unjust.  28 U.S.C. § 2412(d).  "The Commissioner concedes Plaintiff is the prevailing party, that she timely filed a petition for attorney fees under EAJA, and that the Commissioner's position in the litigation was not substantially justified."  (Doc. 28, p. 3).  The Commissioner opposes Plaintiff's motion "because it seeks compensation for an excessive number of hours and fails to substantiate it's [sic] claim for compensation for paralegal work."  (Id. at p. 1).  The Commissioner also requests that any amount awarded be payable directly to Plaintiff (Id.).

Plaintiff's requested fee award of $7,363.33 consists of $6,628.33 for 35 hours of attorney time compensated at the rate of $189.38 per hour[1] and $735 for 9.8 hours of paralegal time compensated at the rate of $75 per hour (Doc. 27-1, ¶¶ 5-7).  The Commissioner argues that Plaintiff's fee award should be reduced because counsel should not receive compensation for time spent on clerical tasks, Plaintiff spent excessive time on routine tasks, Plaintiff spent an excessive amount of time preparing her EAJA petition, and she "provided no evidence as to the prevailing market rate or skills, experience, or reputation of the paralegals involved with the case."  (Doc. 28, pp. 3-8).

"Prevailing plaintiff's attorneys 'must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary.'"  Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011) (quoting Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993)).  "Attorneys may bill adversaries for only the same hours they would bill a client."  Id. (citing Resolution Trust Corp., 996 F.2d at 1150).  "Similarly, 'a court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment.'"  Id. (quoting Perkins v.

---

[1] 35 hours compensated at $189.38 per hour is actually $6,628.30, not $6,628.33.

Mobile Hous. Bd., 847 F.2d 735, 738 (11th Cir. 1988) (emphasis omitted)). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." Id. (quoting Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

After reviewing the parties' papers, the Court finds that Plaintiff's counsel is seeking compensation for an unreasonable number of hours and for tasks that are not billable to the Commissioner. Counsel billed 44.8 hours for work performed by five different attorneys and five different paralegals. Counsel spent no less than 29.8 hours to review the record and prepare their brief. Considering Plaintiff's brief, the length of the record, and that Plaintiff did not raise any novel issues, 29.8 hours to prepare the brief is excessive. This is due in part to Plaintiff's five attorneys using multiple levels of review, which resulted in excessive and redundant hours. Plaintiff is also seeking attorney and paralegal time for tasks that should not be billed to the Commissioner. Plaintiff's counsel has requested time for reviewing the Local Rules, even though counsel is expected to be familiar with the rules. See M.D. FLA. R. 2.01(b), 2.02(c). Plaintiff's counsel also seeks compensation for a significant number of attorney and paralegal hours for tasks of a clerical nature, such as "Review Summons Issued," "Call to Clerk to confirm Summons were sent to Marshall for service," "Download / Combine and OCR Transcript, live bookmark," and "Download, file and save Corrected transcript in parts," which are not compensable as attorney fees. See e.g., Ward v. Astrue, No. 3:11-CV-523-J-TEM, 2012 WL 1820578, at *3 (M.D. Fla. May 18, 2012); Gates v. Barnhart, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002); Mobley v. Apfel, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000). Under these circumstances, an across-the-board cut is appropriate. The Court finds that

Plaintiff's counsel's requested fee award of $7,363.33 should be reduced by 35 percent to $4,786.16, which is reasonable compensation for the work performed.

Plaintiff seeks an award of costs in the amount of $37.64 for "FedEx Shipping of the complaint to the clerk's office." (Docs. 27, p. 1; 27-1, p. 2). Aside from requesting an award of expenses for shipping the complaint via FedEx, Plaintiff has not provided any basis for the Court to conclude that the FedEx charges were both necessary and reasonable. See Dempsey v. Colvin, No. 1:09CV790-SRW, 2013 WL 3280319, at *3 (M.D. Ala. June 27, 2013) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990)). Accordingly, the Court will disallow the FedEx charges.

Finally, Plaintiff requests that fees be made payable to her attorney if "the Plaintff has no debt registered with the Department of Treasury subject to offset." (Doc. 27, p. 1). In Astrue v. Ratliff, 560 U.S. 586 (2010), the Supreme Court held that an award of EAJA fees belongs to the plaintiff, not her attorney, and is therefore, subject to offset to satisfy any pre-existing debt owed by plaintiff to the government. Id. at 2524. The Ratliff court implicitly approved the Commissioner's practice of issuing payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to such fees to the attorney. Id. at 2529. Because EAJA awards are against the United States, any assignment must satisfy the Anti-Assignment Act, which provides in part:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was

>  acknowledged.   An assignment under this subsection is valid for any purpose.

31 U.S.C.A. § 3727(b).

The "Affidavit and Waiver of Direct Payment of EAJA Fees" between Plaintiff and her counsel does not satisfy the Anti-Assignment Act.   The waiver was executed before the Court determined to allow an EAJA award, it lacks two witness signatures, and it does not mention a warrant for payment.   The Commissioner has also not waived the requirements of the Anti-Assignment Act (Doc. 28, p. 8).   Accordingly, the fee award shall be paid directly to Plaintiff.

Upon due consideration, Plaintiff's motion (Doc. 27) is **GRANTED in part** and **DENIED in part**.   Plaintiff is **AWARDED** attorney fees in the amount of **$4,786.16**, made payable to Plaintiff.

**DONE** and **ORDERED** in Orlando, Florida on November 2, 2015.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

- 5 -